CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42081. Promulgated April 10, 1931.

*Lem de Fremery, Esq.,* for the petitioner.
*Eugene Meacham, Esq.,* for the respondent.

1160

OPINION.

McMahon: The petitioner contends that the expenditures in question in the amount of $24,933.51 did not prolong the life of the banking premises, nor add to their value and are, therefore, deductible as repairs. From the facts stipulated we can not conclude that such expenditures did not increase the useful life of the property. Apparently the erection of the new foundations in connection with that of the steel columns made it possible for the petitioner to build a number of additional stories in the event it decided to do so. However, even if we could assume that the expenditures for new foundations did not increase the useful life of the property, it would not necessarily follow that they are deductible as ordinary and necessary

business expenses. In the case of *Black Hardware Co.*, 16 B. T. A. 551, the taxpayer made expenditures to raise its floor level to a height required by the city on account of floods. The effect of raising the level was to reduce the cubic contents of the lower rooms of the building and it did not prolong the life of the building. In that case we said:

* * * It appears to be clearly established by the evidence that they did not prolong the life of the petitioner's building, and there is testimony to the effect that they did not increase its value, although it seems unreasonable that a building so located as to be free from the menace of storms and floods is not more valuable than the same building, or the same kind of building, not so favorably situated. However, conceding that they did not prolong the life of the building, and assuming that they did not increase its value, they nevertheless were for alterations which were, as we conceive them, permanent betterments and improvements that rendered the building better suited to the purpose for which it was used. * * *

See also *Parkersburg Iron & Steel Co.*, 17 B. T. A. 74; affirmed in *Parkersburg Iron & Steel Co.* v. *Commissioner*, 48 Fed. (2d) 163; *Bonwit Teller & Co.*, 17 B. T. A. 1019; and *Lycoming Silk Co.*, 11 B. T. A. 523.

The fact that these expenditures were made involuntarily as a result of a municipal building regulation does not entitle the petitioner to deduct them as a business expense. See *Black Hardware Co.*, supra, and *Bonwit Teller & Co.*, supra.

The petitioner also cites the case of *Seufert Bros. Co.* v. *Lucas*, 44 Fed. (2d) 528. In that case the taxpayer in order to prevent damage to its orchard paid an amount to the highway commission of the State of Oregon to induce it to reroute a proposed road so as to prevent its being laid through the taxpayer's property. The court held that this expenditure, being made to prevent loss to the taxpayer's property, constituted a deductible loss. We do not believe that this case is governing in the present instance. In the *Seufert* case, the expenditure did not result, in any way, in a permanent betterment or improvement to the property, but was made entirely to prevent a loss to the property. There was no way in which it could be recovered by the taxpayer as a part of the capital costs of the property. In the present instance the cost of the added foundations as a capital expenditure will be recoverable by depreciation deductions.

We, therefore, hold that the cost of the deepened foundations is not deductible as an ordinary and necessary business expense or as a loss.

*Judgment will be entered for the respondent.*